[Civ. No. 20057.   First Dist., Div. One.   Oct. 11, 1962.]

SHIGERU SUGIYAMA, Plaintiff and Appellant, v. LELAND J. CUNEO et al., Defendants and Respondents.

C. Dan Lange and Donald M. Nemir for Plaintiff and Appellant.

Joseph L. Alioto and Walter F. Calcagno for Defendants and Respondents.

BRAY, P. J.—Plaintiff appeals from an adverse judgment in favor of defendants.

## QUESTION PRESENTED

Is the judgment supported by the evidence? This depends upon whether defendants Cuneo were entitled under the circumstances to stand upon their technical right to foreclose their second deed of trust without notice to their junior encumbrancer, plaintiff.

## EVIDENCE

This is purely a factual case, with very little conflict in the evidence.

Certain land in the San Francisco Western Addition Redevelopment Area belonged to the Reverend Brown. Prior to demolishment it contained a church with four apartment rental units above. It was originally subject to three deeds of trust, the first to McKeever for $9,000, the second to defendant Bories for $7,000, and the third to Bories for $13,500. However, Bories sold the second deed of trust to defendants Cuneo and the third to plaintiff Sugiyama. In the sale to the latter, it was agreed that plaintiff was to collect the first $11,500 principal and interest and Bories would receive the $2,000 balance, if collected.

Reverend Brown made payments on all three deeds of trust until February 1959, although apparently the payments had been slowing down for some time, and Cuneo had on occasion received rental checks that were not cashable. The redevelopment program was under way. Certain buildings in the area had already been demolished. The Redevelopment Agency appraised the property at $22,000 and opened an escrow with a title company to acquire the property. On May 15, 1959, the title company was notified by the agency that a controller's warrant for $22,000 was available to be used for the purchase of the property. The title company then requested of Brown and the lienholders that they place their notes and deeds of trust, reconveyance, deeds, instructions and demands in escrow.

On April 21, Brown, evidently realizing that as the total amount of principal due on the liens (to say nothing of interest) was greater than the amount the agency would pay for the property, deposited a deed of his interest, with instructions to the title company to pay the entire purchase price to the lienholders. The deed and instructions were prepared for Brown by Cuneo. McKeever then deposited his note, deed of trust and request for reconveyance with instructions that he was to receive $8,669.64 plus interest. May 4, Cuneo deposited his note, deed of trust and request for reconveyance

with a demand for $6,250.80 plus interest. May 15, plaintiff deposited her note, deed of trust and request for reconveyance and a demand for $13,413.03. (On May 4, Bories had filed a demand for a proportionate share of any payment made under plaintiff's third deed of trust.)

The demands being greater than the amount deposited by the agency, plaintiff sought legal advice of Attorney Carr. The latter concluded that an accounting should be made by the holders of the first and second deeds of trust, as plaintiff claimed there was a difference between the amount Cuneo was demanding on the second deed of trust and the amount Bories had represented was due thereon at the time he sold the third deed of trust to plaintiff.

To resolve the dispute between Bories and plaintiff as to who was entitled to the payments under the third deed of trust, Attorney Carr concluded that it was necessary to obtain a copy of the transcript in an action entitled *Anderson* v. *Bories,* out of which action the agreement to assign to plaintiff part of the third deed of trust had developed. Carr also desired to explore the possibility of a higher price being received from the agency.

In June, Carr and Cuneo discussed the situation and on June 5 Carr indicated to Cuneo that plaintiff would have to file a declaratory relief action, and demanded an accounting of Cuneo. Cuneo testified that Carr said that he would "mess me around in court." Cuneo refused to give Carr an accounting and stated that he would commence a foreclosure action. June 11, Cuneo recorded notice of default and of sale.

On June 12, the agency filed an eminent domain action, recording a *lis pendens.* Cuneo was served and obtained an open stipulation extending time. Plaintiff appeared in the action by answer and cross-complaint seeking the same declaratory relief as in this action. Bories was not served.

Plaintiff commenced this action in declaratory relief. Bories defaulted. July 19, McKeever supplied an accounting fully supporting his demand. Carr received the transcript he wished and apparently Bories conceded that plaintiff was entitled to any moneys payable under the third deed of trust up to the amount of her demand. During August, September and October, plaintiff had discussions with Bories, during which Bories apparently purported to speak for Cuneo, although without authority.

On October 6, the property was sold under the Cuneo second deed of trust at trustee's sale. Cuneo bid it in at

a sum to cover McKeever's deed of trust and the amount due Cuneo plus expenses of sale. Cuneo thereupon demanded of the title company the $22,000, less the amount due McKeever on the first deed of trust. This demand the title company refused. Later, by stipulation of the parties, the title was cleared for the agency. McKeever received the amount due under his first deed of trust; Cuneo received the amount due under the second deed of trust, and the balance, $7,898.22, is held awaiting the determination of this action.

The trial court held that the sale under the Cuneo deed of trust was a valid sale, that as plaintiff had not requested notice of default pursuant to section 2924b, Civil Code, the sale wiped out plaintiff's interest in the property and the price being paid for it by the agency, and that Cuneo was entitled to the balance of the purchase price held by the title company. The court also found that the circumstances raised no equities in favor of plaintiff, or required Cuneo to give plaintiff any notice of the foreclosure proceedings.

We are not dealing here with the question of a moral obligation, but with whether Cuneo was under any legal obligation to notify plaintiff of the fact that he had recorded his notice of default and was proceeding to foreclose, or whether, as also contended by plaintiff, he had no right to foreclose.

Cuneo was under no legal obligation to notify plaintiff that he was proceeding with the foreclosure. It is conceded that at the June 5 meeting between Cuneo and plaintiff's attorney, Cuneo definitely stated that he was going to foreclose. It then was incumbent upon plaintiff, if she desired notice of the foreclosure proceedings when brought, to comply with section 2924b, Civil Code, and request notice of default and of sale. After that meeting there was no contact between plaintiff and Cuneo, and hence no conduct of Cuneo's which could justify plaintiff's failure to attempt to find out whether Cuneo was carrying out the foreclosure which he had stated that he would start.

Cuneo, on June 10, withdrew from the escrow all of the documents he had theretofore deposited, signing a receipt to the title company therefor, upon which he wrote, "If further instructions are required they will be submitted by Western Title Insurance and Guaranty Company at my direction." This was the trustee in the deed of trust he was foreclosing.

Plaintiff contends that Cuneo had no right to foreclose,

asserting that by assisting Brown in placing his deed in escrow with instructions to pay the lienholders Cuneo had waived further payment by Brown, Cuneo, in effect, looking to the money to be received from the Redevelopment Agency. What the agreement between Cuneo and Brown was does not appear. If Cuneo violated that agreement Brown would be the only one who could complain. It may very well be that Cuneo's knowledge of the escrow agreement of all the parties would, had nothing else transpired, have placed an equitable duty upon Cuneo to notify plaintiff when he was withdrawing from the escrow and foreclosing, and had he failed to notify her thereof, he would be estopped to gain an advantage over her. But he did notify her.

Plaintiff's contention that by obtaining an open stipulation from the Redevelopment Agency extending his time to answer and joining with Brown in agreeing with the agency to a $22,000 price for the property, Cuneo's lien under his deed of trust was extinguished, is not well founded. His giving a deed to the agency of his interest in the property and of agreeing to accept his proportionate share of the $22,000, when paid, in nowise extinguished his lien on the property. In fact, if he had no interest in the property he would have no interest in the money the agency might pay for it.

There is nothing in the evidence which placed, as contended by plaintiff, any duty upon the Western Title Company, the trustee in the Cuneo deed of trust, to notify any of the parties of the foreclosure proceedings.

The court found that the trustee's sale "took place before the Redevelopment Agency came into possession of the premises, before any amount of the award was determined and paid, and before any title to the real property passed to the Redevelopment Agency." The evidence fully supports this finding.

Judgment affirmed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied November 2, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 5, 1962. White, J.,* participated therein.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.